"ORIGINAL"




UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN M. LEE, PLAINTIFF<br>V.<br>CRYSTAL MORONEY, LAW OFFICES OF CRYSTAL MORONY, DEFENDANT | CASE CV 17-03119 SVW (Ex)<br>COMPLAINT |

RECEIVED
CLERK, U.S. DISTRICT COURT
APR 21 2017
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

A. JURISDICTION

1.) This is an action that alleges that this Court has Federal Jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a) Plaintiff is an individual resident and citizen of California.
b) Defendant is a corp. organized and existing under the laws of State of New York, with its business in NY, NY.
c) There is a complete diversity of citizenship between parties.

B. DEFINITIONS

2) Plaintiff Robin M. Lee, is a consumer as defined by 15 USC. § 1692a(3) as "any natural person obligated to pay any debt."

3) Defendant, Law Offices of Crystal M. is a "debt collector" as defined by 15 USC. § 1692a(6) " any person who uses any

instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, any debts owed or due or asserted to be owedor due to another."

C. **STATEMENT OF THE CASE**

4. On 05/13/2015 , The plaintiff obtained a copy of his credit report from Equifax Information Services, Experian Information Solutions, and Trans Union Corporation which revealed that Law Offices of Crystal Morony ("defendant") had placed an entry on plaintiffs credit report which communicated that plaintiff allegedly had an account in default with the defendant in the amount of $ 313.00 through assignment from CVS dated 10/2013 . **See Exhibit A**

5. On July 08,2015 , the defendant took receipt of plaintiffs "Notice of Relief", requesting the defendant validate the alleged debt pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b), through certified mail receipt which is numbered 7008 1830 0004 5034 5141 and attached as **ExhibitB** . It should be noted that the defendant refused top respond to plaintiffs validation request.

D. **CLAIM ONE**

6. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act when the defendant reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corpporation that the plaintiff is in default with the defendant in the amount of $ 313.00 through assignment from CVS. **See Exhibit A.**

7. Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.) which states, " The FDCPA prohibits the false representation of the

" character, amount, or legal status" of any debt. § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to create liability under this section. Clark, 460 F.3d at 1176."

8. The defendant intended to manipulate the plaintiff by falsely representing that the alleged debt which is a violation of the Fair Debt Collections Practices Act ("FDCPA"). This constitutes a vilation of the "Act" as a matter of law.

9. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

E. **CLAIM TWO**

10. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the defendant communicated false information concerning the alleged debt that the plaintiff never owed to the defendant, nor had the alleged debt been assigned to the defendant. The defendant communicated to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation false information, stating that the defendant had been assigned to collect said debt from the plaintiff, and the plaintiff was in default for $ 313.00 to the defendant. See Exhibit A.

11. Nelson v. Equifax Information Services. LLC. 522 F. Supp. 2d 1222 (9th Cir. 2007) states, " in order to sustain a section 1692e(8) claim, a party must show that a debt collector communicated or threatened to communicate credit information which they knew or should have known was false, including failing to communicate that debt was disputed". Law Offices of Crystal Morony never had a valid assignment authorizing them to pursue and report to credit bureaus alleged debts

associated with the plaintiff.

11. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

F. **CLAIM THREE**

12. Plaintiff asserts that defendant violated seection 15 U.S.C § 1692e(10) of the Fair Debt Collections Practices Act when the defendant used false and deceptive means to attempt to collect a debt from the plaintiff. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false misrepresentation.

13. Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. Lexis 27057 (9th Cir. 2013) states, " A debt collector violates section 1692e(10) if it 'use[s]... a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ("a debt collectors representation that a debt is owed to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

14. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

G. **CLAIM FOUR**

15. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collections Practices Act when the defendant communicated the false representation that the alleged account was turned over to Law Offices of Crystal Morony for value to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation

See Exhibit A. The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

16. Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits " The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debto would be "deceived or mislead by the misrepresentation", quoting Wade v.Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

17. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C § 1692e(12) of the ("FDCPA").

H. **CLAIM FIVE**

18. Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collections Practices Act when the defendant used unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that Law Offices of Crystal Morony had obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with a debt owed to the defendant with the attempt to force the plaintiff to pay the $ 313.00 allegedly owed.

19. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

21. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

I. **CLAIM SIX**

22. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives The Law Offices of Crystal Morony the legal right to pursue and report to credit bureaus alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt # 700818300 00450345141, which is attached as **Exhibit B.**

23. Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, " If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion tereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification or judgement, or name and address of the original creditor, is mailed to the consumer by the debt collector." By The Law Offices of Crystal Morony refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt. The defendant is in violation of section 1692g(b).

24. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692g(b) of the ("FDCPA").

J. **DAMAGES**

25. 15 U.S.C. § 1692k - Civil Liablity - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ et seq] with respect to any person is liable to such person in an amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00.

K. **REQUESTED RELIEF**

**CLAIM ONE:** A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:** + $3,000.00

**CLAIM TWO:** A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

**TOTAL DAMAGES:** + $3,000.00

**CLAIM THREE:** A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:** + $3,000.00

**CLAIM FOUR:** A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:** + $3,000.00

**CLAIM FIVE:** A violation of 15 U.S.C § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to the three major credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation of the unconscionalbe means to collect.

**TOTAL DAMAGES:** + $3,000.00

**CLAIM SIX:** A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00 for refusing to validate the alleged debt that the defendant reported to the three credit reporting agencies, Equifax Inforamtion Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:** + $1,000.00

26. THE TOTAL AMOUNT OF DAMAGES REQUESTED BY PLAINTIFF IS $96,350.00.

27. THE $350.00 ADDED IS THE COURT COST ASSOCIATED WITH THIS ACTION.

28. PLAINTIFF'S ORIGINAL ACTION WAS CASE 2:15 CV-09777 WAS DISMISSED WHEN PLAINTIFF FAILED TO TIMELY SUBMIT $20.14 PARTIAL FILING FEE DUE TO HIS SITUATION OF INCARCERATION AND A NEED FOR THE FACILITY TO MAKE THE PAYMENT IN A TIMELY FASHION THAT IT FAILED TO DO.

DATED: APRIL 17, 2017

BY: [signature]
ROBIN M. LEE

# EXHIBIT



**EQUIFAX**

## CREDIT FILE : May 13, 2015

## Confirmation # 5133019847

**Personal Identification Information** *(This section includes your name, current and previous addresses, and any other identifying information reported by your creditors.)*

Name On File: Robin Ms Lee
Social Security #: XXX-XX-2481 Date of Birth: September 13, 1961
Current Address: 45 504 Koolau View Dr, Kaneohe, HI 96744 Reported: 05/2015
Previous Address(es): 1634 Nuuanu Ave Apt 418, Honolulu, HI 96817 Reported: 03/2013
115 S 14th St, Las Vegas, NV 89101 Reported: 01/2015
99 902 Moanalua Rd Apt 2a 4, Aiea, HI 96701 Reported: 11/2014
2199 Kamehameha Hy, Honolulu, HI 96819 Reported: 12/2010
Last Reported Employment: State TAX Offices;

**Please address all future correspondence to:**

www.investigate.equifax.com

Equifax Information Services LLC
P. O. Box 105069
Atlanta, GA 30348



Phone: (877) 528-6481
M - F 9:00am to 5:00pm in your time zone.

**Collection Agency Information** *(This section includes accounts that credit grantors have placed for collection with a collection agency.)*

Plusfour, Inc; Collection Reported 10/2013; Assigned 09/2013; Creditor Class - Medical/Health Care; Client - Desert Radiologists; Amount - $197 ; Status as of 10/2013 - Unpaid; Date of 1st Delinquency 08/2013; Balance as of 10/2013 - $198 ; Individual Account; Account # - 5250387; **Address:** 6345 S Pecos Rd Ste 212 Las Vegas NV 89120-6224 : (702) 898-1033

[illegible] Creditor Class - Retail; Client - Cvs; Amount - $148 ; Status as of [illegible] ; Individual Account; Account # [illegible] ; ADDITIONAL INFORMATION - Returned Check; Address: 17 Squadron Blvd New [illegible]

**Credit Account Information**
*(For your security, the last 4 digits of account number(s) have been replaced by *) (This section includes open and closed accounts reported by credit grantors)*

### Account Column Title Descriptions:

| | |
|---|---|
| Account Number - The Account number reported by credit grantor | Amount Past Due - The Amount Past Due as of the Date Reported |
| Date Acct. Opened - The Date that the credit grantor opened the account | Date of Last Paymnt - The Date of Last Payment |
| High Credit - The Highest Amount Charged | Actual Pay Amt - The Actual Amount of Last Payment |
| Credit Limit - The Highest Amount Permitted | Sched Pay Amt - The Requested Amount of Last Payment |
| Terms Duration - The Number of Installments or Payments | Date of 1st Delinquency - The Date of First Delinquency |
| Terms Frequency - The Scheduled Time Between Payments | Date of Last Actvty - The Date of the Last Account Activity |
| Months Reviewed - The Number of Months Reviewed | Date Maj Delq Rptd - The Date the 1st Major Delinquency Was Reported |
| Activity Designator - The Most Recent Account Activity | Charge Off Amt - The Amount Charged Off by Creditor |
| Creditor Class - The Type of Company Reporting The Account | Deferred Pay Date - The 1st Payment Due Date for Deferred Loans |
| Date Reported - Date of Last Reported Update | Balloon Pay Amt - The Amount of Final(Balloon) Payment |
| Balance Amount - The Total Amount Owed as of the Date Reported | Balloon Pay Date - The Date of Final(Balloon) Payment |
| Status - Condition of Account When Last Updated by Creditor or Otherwise | Date Closed - The Date the Account was Closed |

| **Account History Status Code Descriptions** | | | |
|---|---|---|---|
| | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

( Continued On Next Page )

# EXHIBIT

# B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Law offices of Crystal Morony
17 Squadron Blvd
New York, NY 10956-5214

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☒ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 1/18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mall ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7008 1830 0004 5034 5141

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540


ROBIN M. LEE #41093098
FCI#II P.O. Box #3850
ADELANTO, CA. 92301
APR 21 2017
CENTRAL DISTRICT OF CALIFORNIA
to: Clerk. U.S. District Court
312 N. Spring St. Room G-8
Los Angeles, CA. 90012
Legal Mail