UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>SA CV 17-03119 SJO (GJS)</u>　　**DATE:** <u>June 6, 2018</u>

**TITLE:**　<u>Robin M. Lee v. Crystal Moroney et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz　　　　　　　　　　　　　　Not Present
Courtroom Clerk　　　　　　　　　　　　　　Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**　　**COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present　　　　　　　　　　　　　　　Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** [Docket No. 49]

This matter is before the Court on Plaintiff Robin M. Lee's ("Plaintiff") Motion for Default Judgment ("Motion"), filed April 5, 2018. Defendants Crystal Moroney ("Moroney") and the Law Offices of Crystal Moroney (the "Law Offices") (together, "Defendants") have not opposed the Motion or otherwise appeared in this action. The Court found the matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Plaintiff's Motion.

I.　　FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed the instant action on April 26, 2017 against Moroney and the Law Offices, asserting the latter is a "debt collector" as defined by the federal Fair Debt Collection Practices Act ("FDCPA") that violated several provisions of the Act through its placement of an entry on Plaintiff's credit report communicating that Plaintiff "had an account in default with [the Law Offices] in the amount of $313.00 through assignment from CVS dated 10/2013." (*See generally* Compl., ECF No. 1.) Plaintiff further alleges that on July 8, 2015, the Law Offices took receipt of his "Notice of Relief," requesting that the Law Offices "validate the alleged debt pursuant to" 15 U.S.C. §§ 1692g(a) & (b) through certified mail, to which the Law Offices never responded. (Compl. ¶ 5.) Plaintiff alleges the Law Offices violated several sections of the FDCPA by falsely representing Plaintiff's debt.

Although Plaintiff names both Moroney and the Law Offices in the caption of his Complaint, he only asserts claims against the Law Offices. (*See, e.g.*, Compl. ¶ 4 [defining the Law Offices of Crystal Morony as "defendant"].) Nowhere in the Complaint are any claims asserted against Moroney in her personal capacity, nor is it alleged that Moroney is herself a "debt collector" as defined by the FDCPA. Accordingly, the proper party for whom a default judgment must be entered pursuant to Federal Rule of Civil Procedure 55(a) is the Law Offices. Because of the lack of claims asserted against Moroney in her personal capacity, Moroney is **DISMISSED** from the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** SA CV 17-03119 SJO (GJS)        **DATE:** June 6, 2018

Plaintiff had previously applied for default or requested default judgment against the Law Offices (hereinafter, "Defendant") six times. (ECF Nos. 10, 12, 20, 26, 34, 39.) Each time the Court decided that the requests for default could not be entered because Plaintiff failed to file valid proofs of services against the Law Offices. (ECF Nos. 16, 18, 24, 31, 37, 41.) Plaintiff succeeded in filing a valid proof of service on February, 26, 2018. (ECF No. 43.) Subsequently, Plaintiff once again applied for default against the Law Offices and was granted default on March 29, 2018. (ECF Nos. 45, 46.) Now that the Law Offices has entered default, the Court will assess whether Plaintiff's Motion for Default Judgment has met the Court's procedural and substantive requirements.

II.     DISCUSSION

   A.     Legal Standard

Obtaining a default judgment is a two-step process. First, the plaintiff must establish default by affidavit or otherwise, after which the court clerk enters default. *See* Fed. R. Civ. P. 55(a). Second, the plaintiff must apply to the court for a default judgment if the plaintiff's claim is for a sum that is not certain or a sum that cannot be made certain by computation. *See* Fed. R. Civ. P. 55(b). Pursuant to the Local Rules of the Central District of California, applications for the entry of default judgment must be accompanied by a declaration that includes:

   (a)   When and against what party the default was entered;
   (b)   The identification of the pleading to which default was entered;
   (c)   Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
   (d)   That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
   (e)   That notice has been served on the defaulting party, if required by [Fed. R. Civ. P.] 55(b)(2).

L.R. 55-1; *see also* Fed. R. Civ. P. 55(b)(2). Here, Plaintiff's declaration substantially satisfies these procedural requirements.[1] (Mot. 2-3.)

The Court now turns to the substantive requirements for obtaining default judgment. A district court's decision to grant or deny default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court considers the following seven factors, commonly referred to as the *Eitel* factors:

---

[1] The Court notes a few minor procedural deficiencies, including not providing the default date and docket number for Law Offices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>SA CV 17-03119 SJO (GJS)</u>  DATE: <u>June 6, 2018</u>

(1) The possibility of prejudice to the plaintiff;
(2) The merits of plaintiff's substantive claim;
(3) The sufficiency of the complaint;
(4) The sum of money at stake in the action;
(5) The possibility of a dispute concerning material facts;
(6) Whether the default was due to excusable neglect; and
(7) The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Once the court clerk has entered a party's default, "the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing *TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915*, 917 (9th Cir. 1987)). The Court considers each *Eitel* factor in turn.

B. <u>Analysis</u>

1. <u>Possibility of Prejudice to Plaintiff</u>

The Court examines whether a plaintiff will be prejudiced if the request for entry of default judgment is denied. *Eitel*, 782 F.2d at 1471. A plaintiff who is denied a default judgment and is subsequently left without other recourse for recovery has a basis for establishing prejudice. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Here, Plaintiff will likely be left without other recourse for recovery if there is no entry of default judgment, thus this factor weighs in favor of default judgment.

2, 3. <u>Merits of the Substantive Claim and Sufficiency of the Complaint</u>

Together the second and third *Eitel* factors require that a plaintiff state claims upon which recovery is possible. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Here, the Plaintiff asserts various claims arising under the FDCPA, 15 U.S.C. §§ 1692e, 1692g and 1692f.

To prevail on their 15 U.S.C. § 1692e claims the Plaintiff must demonstrate that the Defendant falsely represented "the character, amount, or legal status" of the debt, communicated or threatened "to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed," used "false representation or deceptive means to collect or attempt to collect any debt," and that Defendant falsely represented or implied "that accounts have been turned over to innocent purchasers for value." 15 U.S.C. §§ 1692e(2)(A), (8), (10), (12) (2018). To prevail on their additional claims,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority  _____
Send  _____
Enter  _____
Closed  _____
JS-5/JS-6  _____
Scan Only  _____

**CASE NO.:** <u>SA CV 17-03119 SJO (GJS)</u>  **DATE:** <u>June 6, 2018</u>

Plaintiff must demonstrate the debt collector used unfair or unconscionable means to collect or attempt to collect a debt of any amount "unless such amount was expressly authorized by agreement creating the debt or permitted by law" and that Plaintiff notified "the debt collector in writing within a thirty-day period as described in subsection (a) that the debt . . . is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment." 15 U.S.C. §§ 1692f(1), 1692g(b) (2018).

Here, the Plaintiff's complaint is insufficient in establishing these claims. Plaintiff fails to demonstrate that the Defendant falsely represented the debt or communicated to credit bureaus credit information which is known or should have been known to be false. Although Defendant has not responded to Plaintiff's complaint, Plaintiff merely recites the elements of the claim with no supporting allegations of fact. Plaintiff does include an exhibit purporting to include the alleged debt, yet the contents of the exhibit do not show the debt at issue. In fact, it appears the entry intended to show the alleged false debt is redacted. Additionally, the exhibit only pertains to one credit bureau - Equifax - while the complaint alleges that the debt is included on two other credit bureau reports. The complaint does not clearly establish the debt upon which Plaintiff seeks relief. This insufficiency creates serious reservations about the merits of Plaintiff's substantive claims. As such, the second and third *Eitel* factors do not weigh in favor of default judgment.

### 4. Sum of the Money at Stake

Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to the defendant's conduct. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007) (citing *Totten v. Hurrell*, No. 00-2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001)). Here, the relief sought of $16,350 is unreasonable in relation to the Defendant's conduct because Plaintiff has not established the existence of the debt alleged nor its presence on multiple credit bureau reports which serves as a core basis for Plaintiff's damage calculation. As such, the fourth *Eitel* factor does not weigh in favor of default judgment.

### 5. Possibility of a Dispute Concerning Material Facts

When a complaint and motion for default judgment are unopposed, the factor is neutral because the possibility of a dispute is unknown. *Bd. of Trs. of Laborers Health & Welfare Trust Fund v. Perez*, No. C 10-2002, 2011 WL 6151506, at *8 (N.D. Cal. Nov. 7, 2011). Defendants have not responded to the allegations against them in any way, suggesting that "there is no possibility of a dispute concerning material facts. . . ." *See McComb v. Vejar*, No. CV 14-00941 RSWL, 2014 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>SA CV 17-03119 SJO (GJS)</u>     DATE: <u>June 6, 2018</u>

5494017, at *7 (C.D. Cal. Oct. 28, 2014) (finding no material factual dispute where defendants "failed to respond or appear in this action"). This factor weighs in favor of default judgment.

### 6. Possibility of Defendant's Excusable Neglect

The possibility of excusable neglect is remote where the defendant is provided proper notice of the pending suit, but does not contact the court or the plaintiff in any manner. *See Philip Morris*, 219 F.R.D. at 501. Defendant has been properly served with complaint in this action. It is unlikely that Defendant is unaware of the action or the nature of the claims. Thus the failure to appear cannot be said to be excusable neglect. *See Trustees of ILWU-PMA Pension Plan v. Coates*, Case No. C-11-3998 EMC, 2013 WL 556800, *2 (N.D. Cal. February 12, 2013) ("It is unlikely that the defendant's failure to answer, and the resulting defaults entered by the clerk, were the result of excusable neglect where the plaintiff effectuated service on the defendant via . . . a method permitted by law."). This factor weighs in favor of default judgment.

### 7. Public Policy Favoring Decision on the Merits

Defendant has not responded in any way to this proceeding, and courts have recognized that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, a defendant's failure to answer a plaintiff's complaint "makes a decision on the merits impractical, if not impossible." *Id.*; see also *TVB Holdings (USA) Inc. v. Emon Inc.*, No. 13-CV-624-JLS, 2014 WL 3717889, at *4 (C.D. Cal. July 23, 2014). Under Rule 55(a), "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo*, 238 F. Supp. 2d at 1177. As such, this factor weighs in favor of default judgment.

### 8. Conclusion Regarding *Eitel* Factors

On balance, the application of the *Eitel* factors does not entitle Plaintiff to default judgment against Defendants as the insufficiency of the complaint and reservations regarding the merits of Plaintiff's substantive claim outweigh those factors in favor of default judgment.

### III. RULING

Because Plaintiff has not satisfied the substantive requirements for obtaining default judgment, the Court **DENIES** Plaintiff's Motion and **DISMISSES** Defendant Crystal Moroney from the action. Plaintiff may file an amended complaint addressing the issues raised herein within fourteen (14) days of the date of this Order. The amended complaint must be served on the Law Offices.

IT IS SO ORDERED.